THE WILLIAMS LAW GROUP
Andrew Williams, Esq.
*Attorney for Plaintiff*
9600 S. Dixie Hwy
Suite 1311
Miami, Florida 33156
Telephone: (305) 916-1122
CA Bar No. 310526
Email:  Andrew@TheWilliamsLG.com
Secondary Email: WilliamsLawFlorida@gmail.com

**Attorney for Plaintiff, Jeremy Nash**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY NASH p/k/a G PERICO, an individual, and G PERICO, LLC, a California limited liability company,<br><br>                 Plaintiff,<br><br>vs.<br><br>COACH NEW YORK d/b/a Coach, a New York based company; TAPESTRY, INC., a New York Corporation, and DOES 1 through 25, inclusive<br><br>                 Defendants. | Case No.:<br><br>COMPLAINT FOR<br><br>  1.  COPYRIGHT INFRINGEMENT<br><br>  2.  UNJUST ENRICHMENT<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW COMES Plaintiffs, JEREMY NASH p/k/a G Perico ("Mr. Nash") and G PERICO, LLC ("GPL") (collectively, the "Plaintiffs"), by and through undersigned counsel and hereby file this Complaint and Demand for Jury Trial against Defendants, COACH NEW YORK d/b/a Coach ("Coach"), TAPESTRY, INC ("Tapestry"), and DOES 1 through 10, inclusive, (collectively the "Defendants") and state as follows:

COMPLAINT FOR DAMAGES - 1

**INTRODUCTION**

1.    This is a suit based upon violations of the Lanham Act (the "Act") and tort claims.  The Plaintiffs have specifically plead counts of: Trademark Infringement, and/or additionally, or in the alternative, a claim for Unjust Enrichment.  The Plaintiffs, however, may move to amend these counts should additional counts and/or claims against the Defendants be discovered.

2.     The Plaintiffs are seeking damages in an amount to be proved at trial in excess of Seventy-Five Thousand ($75,000.00), including an award of, costs, and attorney's fees.

**THE PARTIES, JURISDICTION, AND VENUE**

3.    Mr. Nash is an individual, and a multi-hyphenate entertainer/singer/songwriter/producer. At all relevant times mentioned herein, Mr. Nash was a citizen of the State of California, and a resident of Los Angeles County, California.

4.    GPL is a California limited liability company with its principal place of business located in Los Angeles County, California.  GPL serves as a loan-out company for the professional services of Jeremy Nash.  At all times material hereto, GPL conducted business in the State of California, and specifically Los Angeles County.

5.    Defendant Coach is a New York based company with its principal place of business located in New York, New York.  Coach specializes in handbags, luggage, accessories and ready-to-wear garments that are sold worldwide at Coach stores and through other retailers.  At all relevant times mentioned herein, Coach had 939 stores worldwide, including numerous stores in California and specifically in Los Angeles County, and Coach conducted business in the State of California.

6.    Defendant Tapestry is a New York based company with its principal place of business located in New York, New York.  Tapestry is the parent company to Coach as well as the brand Kate Spade New York. At all relevant times mentioned herein, Tapestry through its subsidiary brands conducted business in the State of California and specifically Los Angeles County.

7.     The full extent of the facts linking the fictitiously designated Defendants with the cause(s) of actions herein is unknown to the Plaintiffs.  Further the true names and capacities, whether individual, corporate, associate, plural or partnership, or otherwise, of Defendants, DOES 1 through 10, inclusive, are unknown to the Plaintiffs.  The Plaintiffs therefore sue Defendants by such fictitious names.  The Plaintiffs are informed and believes, and thereupon allege, that each of the Defendants designated herein as a DOE is negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully responsible in some manner for the events and happenings hereinafter referred to, and negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully, proximately caused injuries and damages to the Plaintiffs, as hereinafter alleged.  The Plaintiffs will ask leave of this Court to amend this Complaint to show said Defendants' names and capacities once the same have been ascertained.

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because it arises under an Act of Congress, the Lanham Act.

9.     Venue is proper in this District pursuant to § 1391, in that the Defendant conduct business in Los Angeles County, California, and a substantial part of the events giving rise to these claims occurred in Los Angeles County, California.

## GENERAL ALLEGATIONS

10. Mr. Nash is a talented and well sought-after and known multi-hyphenate performer and entertainer/singer/songwriter/producer, who has built a respected reputation in the entertainment industry.

11. On May 27, 2020, Mr. Nash through his company, GPL filed to register the following trademark "this is a blue t-shirt." (the "Trademark") for his brand of the same name.

12. The Trademark was for the class of goods and services pertaining to "[c]lothing, namely, shirts,

pants, shorts, sweaters, tops, jackets, swimwear, jerseys, hats, beanies, hooded sweatshirts, and caps being headwear; the foregoing excluding shirts and tops that are blue in color."

13. On March 1, 2022, the Plaintiffs received a trademark registration from the United States Patent and Trademark Office for the Trademark.

14. The Plaintiffs are the owners of the Trademark and have never licensed the Trademark to the Defendants, or anyone else who had authority to license the Trademark to the Defendants.

15. A copy of the Trademark can be found below.

# this is a blue t-shirt.

16. The Plaintiffs also created a website for their brand, in which they sold numerous clothing items, and Mr. Nash promoted his brand in numerous songs, albums, music videos and at concerts.

17. The Trademark is something that fans and the public began to directly associated with the Plaintiffs and specifically with Mr. Nash.

18. In late April 2023, Mr. Nash discovered that the Defendants were appropriating the Trademark and selling shirts and potentially other apparel bearing the slogan "THIS IS A COACH T-SHIRT" (the "Infringing Mark")

19. The Infringing Mark not only appropriated the Trademark, but also created a substantially likelihood of confusion and association with the Plaintiffs and the Trademark.

20. On information and belief, designers who worked for the Defendants discovered the Trademark

due to the Plaintiffs, and particularly Mr. Nash's efforts to promote his brand and the Trademark via social media, his music, albums, concerts and by way of his fans.

21. Furthermore, and more importantly, the Defendants use of the Infringing Mark was unauthorized, and used by the Defendants for their own benefit and financial gain.

22. Not only is/was the Defendants' use, publication, display and/or commercial exploitation of the Trademark unauthorized, but the Defendants never so much as even sought the Plaintiffs' authorization, consent, or permission to use the Trademark.

23. Forever 21 displayed and distributed the Photograph on its website, and on information and belief, in in-store promotions.

24. By using the Infringing Mark, the Defendants attempted to create a connection and benefit from the success and popularity of the Plaintiff and the Trademark, which in turn has generated, on information and belief, hundreds of thousands, if not millions of dollars for the Defendants.

25. The Trademark is the Plaintiffs' proprietary intellectual property.

26. Given the vast promotion, publicity and attention that the Trademark received to and from the public at large, the Defendants' failure to contact the Plaintiffs, or to attempt to license the Trademark is indicative of the fact that is infringement of the Trademark was/is intentional and willful.

27. Given the Defendants' unauthorized use of the Trademark, the substantial likelihood of confusion between the Trademark and the Infringing Mark, the Plaintiffs have been damaged and injured, including through a dilution of their brand and the value of the Trademark.

## COUNT I
## TRADEMARK INFRINGEMENT

28. The Plaintiffs hereby repeat, reallege and incorporate by reference each and every allegation contained hereinabove and incorporate the same herein as though fully set forth herein.

29. Through the Defendants' actions as described above and their commercial release of the Infringing

Mark, the Defendants have infringed and will continue to infringe on the Trademark in violation of the Plaintiffs' exclusive rights under the Lanham Act as the Defendants never had any authorization or other permission to use, publish, display, and/or commercially exploit the Trademark.

30. Not only did the Defendants not have permission to use the Trademark, the Defendants also did not, and have not, provided the Plaintiffs with equitable compensation for their use of the Trademark.

31. Given the commercial success of the Infringing Mark, the Defendants have created a substantial likelihood of confusion with the Trademark and the Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement, and the Defendants will continue realizing unjust profits, gains and advantages as a proximate result of their infringement, as long as such infringement is permitted to continue.

32. As a direct and proximate result of the Defendants' willful trademark infringement, the Plaintiffs have suffered and they will continue to suffer, monetary loss, substantial likelihood of confusion and brand dilution.

33. The Plaintiffs are entitled to recover from the Defendants, in an amount to be determined at trial, the damages they have sustained, and will continue to sustain, and any gains, profits and advantages obtained by the Defendants as a result of their infringing acts and their use, publication, display and commercial exploitation of the Infringing Mark.

34. The Plaintiffs are entitled to recover damages from the Defendants that include, but are not limited to their attorneys' fees, the costs of this action that they have sustained and will continue to sustain, and any gains, profits and advantages obtained by the Defendants as a result of their actions as have been alleged above.

35. At the present time, the amount of the Plaintiffs' damages, gains, profits and advantages cannot be fully ascertained; however, such will be established according to proof at trial.

36. They Plaintiffs anticipates that their damages will exceed One Hundred Fifty Thousand ($150,000.00) given the Defendants' willful, intentional and bad-faith actions.

### COUNT II
### UNJUST ENRICHMENT

37. The Plaintiffs hereby repeat, reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 27 and incorporate the same herein as though fully set forth herein.

38. Beginning sometime in late April 2023, Plaintiff discovered that the Defendants had used, displayed, and published the Infringing Mark for commercial purposes.

39. The Infringing Mark causes a substantial likelihood of confusion with the Trademark owned by the Plaintiffs.

40. Through the Defendants use of the Infringing Mark, which capitalized on the Plaintiffs' brand and goodwill along with that of the Trademark, the Plaintiffs conferred a benefit upon the Defendants.

41. The Defendants were, and are aware of, and had knowledge of, the benefit that they received from the Plaintiffs, either constructively or expressly, when they used, displayed, published, and commercially exploited the Infringing Mark for their own benefit and gain.

42. The Defendants intended to receive, and ultimately did/has received financial gain and compensation through its use of the Infringing Mark, and through their sales and promotion of apparel bearing the Infringing Mark.

43. Notwithstanding the financial gain and compensation that the Defendants received through their infringing use of the Infringing Mark, the Plaintiffs have not received ***any*** financial gain or compensation though the commercial release of any apparel or items bearing the Infringing Mark, and the Defendants have not been properly credited or compensated for their intellectual property, the Trademark.

44. The circumstances are such that it would be inequitable for the Defendants to retain the benefit that was conferred upon them by the Plaintiffs, without providing any benefit to the Plaintiffs.

**WHEREFORE**, for the reasons set forth herein, the Plaintiffs respectfully requests that this Court award damages in their favor and against the Defendants and each of them as follows:

a. For general and special damages to be proven at trial in an amount in excess of $150,000.00 dollars;

b. For an injunction, declaration, or other mandate that provides for the Plaintiffs to receive the use, publishing, displaying, and commercial exploitation percentages they are entitled to as the "owners" of the Trademark;

c. For an injunction, declaration, or other mandate that provides for the Defendants to direct any and all third-parties whom they control to properly credit the Plaintiffs as the owners of the Trademark;

d. For a full and proper accounting of any and all monies earned by the Defendants through their use of the Infringing Mark and through any sales involving the Infringing Mark;

e. For punitive damages;

f. For the costs of this action;

g. For attorney's fees; and

h. For any other and further legal and equitable relief this Court deems just and proper.

DATED this 16th day of April 2026

**THE WILLIAMS LAW GROUP**

/s Andrew Williams, Esq.
BY: ANDREW WILLIAMS, ESQ.

COMPLAINT FOR DAMAGES - 8

**DEMAND FOR JURY TRIAL**

The Plaintiffs JEREMY NASH and G PERICO, LLC, hereby demand a trial by jury for all issues so triable.

DATED this 16th day of April 2026

**THE WILLIAMS LAW GROUP**

/s Andrew Williams, Esq.

**RESERVATION OF RIGHTS**

The Plaintiffs JEREMY NASH and G PERICO, LLC reserve the right to further amend this Complaint, upon completion of their investigation and discovery, to assert any additional claims for relief against the Defendants or any other parties as may be warranted under the circumstances and as allowed by law. The Plaintiffs further reserve the right to seek and have punitive damages assessed against the Defendants.

DATED this 16th day of April 2026

**THE WILLIAMS LAW GROUP**

/s Andrew Williams, Esq.

COMPLAINT FOR DAMAGES - 9